UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM WASHINGTON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| MARSHA MCLANE, JESSICA MARSH, | § | A-21-CV-521-RP |
| AMANDA BELTRAN, RACHEL | § | |
| KINGSTON, JAMES WINCKLER, and | § | |
| MICHAEL ARENIVAZ, | § | |
|     DEFENDANTS. | § | |

## ORDER

Before the Court are Plaintiff William Washington's Petition for Subpoena Ad Testificacum [sic] of Witnesses (ECF No. 42), Washington's Motion for Disclosure (ECF No. 46), and Defendants Winckler and Arenivaz's Motion to Strike (ECF No. 44).

Regarding Washington's Petition for Subponea Ad Testificacum [sic] of Witnesses, Washington seeks to depose "certain witnesses for their testimony concerning Plaintiff's complaint." However, he fails to name the witnesses he wishes to depose. This motion is denied.

Regarding Washington's Motion for Disclosure, he requests the last known address and phone numbers for five people he seeks as witnesses. However, Washington does not indicate what information these witnesses have that is relevant to the claims in this lawsuit. Because Washington's motion is vague and non-specific, it is dismissed without prejudice to refiling with information regarding why he needs to contact these witnesses and how their testimony is relevant to the claims in this litigation.

Finally, in their Motion to Strike, Winckler and Arenivaz argue that some of the affidavits Washington submitted in his opposition to their motion for summary judgment contain

1

inadmissible hearsay and, further, some of the affiants lack personal knowledge of the matters to which they attest. Evidence on summary judgment may be considered to the extent it is not based on hearsay or other information excludable at trial. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) (citation omitted). An entire affidavit will not be excluded, however, even though parts of it are inadmissible. *See Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992). Accordingly, the Court grants Defendants' motion only to those parts of Washington's affidavits which contain inadmissible evidence and otherwise denies the motion.

It is therefore **ORDERED** that Plaintiff's Petition for Subpoena ad Testificacum [sic] of Witnesses (ECF No. 42) is **DENIED** and his Motion for Disclosure (ECF No. 46) is **DISMISSED WITHOUT PREJUDICE** to refiling with information on the relevance of the named witnesses.

It is further **ORDERED** that Winckler and Arenivaz's Motion to Strike (ECF No. 44) is **GRANTED IN PART AND DENIED IN PART**.

SIGNED this 18th day of August, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE