IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILLIAM WASHINGTON §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>MARSHA MCLANE, *et al.*, §<br>*Defendants*. § | Civil Action No: 1:21-CV-00521 |

## DEFENDANTS MCLANE, MARSH, BELTRAN, AND KINGSTON'S RESPONSE TO PLAINTIFF'S REFILING MOTION TO THE DEFENDANTS FOR DISCLOSURE

Defendants Marsha McLane, Jessica Marsh, Amanda Beltran, and Rachel Kingston (collectively, "TCCO Defendants"), through the Office of the Attorney General, submit the Response to Plaintiff's Refiling Motion to the Defendants for Disclosure [ECF No. 59]:

### I. Statement of the Case

Plaintiff Washington is a Sexually Violent Predator ("SVP") currently, and at all times relevant to this litigation, civilly committed and housed by the Texas Civil Commitment Office ("TCCO"). ECF No. 1. Proceeding *pro se* and *in forma pauperis*, Plaintiff filed this 42 U.S.C. § 1983 lawsuit on June 14, 2021, against multiple employees of both TCCO and the Management & Training Corporation ("MTC") in their official and individual capacities. *Id*. Plaintiff alleges Defendants violated his First and Fourteenth Amendment rights. *Id.* Specifically, Plaintiff claims that TCCO Policies 3.29 and 3.12 violate his civil rights because he is not allowed to marry based on his sexual orientation. ECF No. 1 at 3-4.  Specifically, Washington seeks to marry another TCCC resident.

Washington refiled his Request for Disclosure, on September 23, 2022.  ECF No. 59.

Washington asks for the last known addresses and phone numbers of Mandy Harner, Idaly Zaragoza, Anna Walker Perkins Word, Annette Warren, and Johanna Werner. *Id*., at 1. Washington also added requests for the contact information of two additional people, Candy Weaver and Kendrick Fennell, both of whom still work at the TCCC. *Id*. at 1. Further, Plaintiff suggests another TCCC resident, Steven Sterling is willing to testify as to some incident with Defendant Arenivaz. *Id*. at 3. Plaintiff generally claims that all of the purported witnesses can attest to the motive, opportunity, and plan of Defendants and knowledge of Defendants' actions towards Plaintiff. *Id*. at 1. He also claims that these witnesses can testify to an alleged threat of stalking charges if Plaintiff continued to speak to resident Layton; supposed instances of harassment. *Id*. at 2-3.

The Court ordered Defendants to respond to Plaintiff's Motion by October 11, 2022.

## II.     Response

TCCO Defendants do not have any personal contact information for any of the persons in Washington's motion except Kendrick Fennell, as he is the only TCCO employee. However, Washington admits in his motion Kendrick Fennell currently works at the TCCC, where Washington resides. Washington has no need to acquire any further contact information as he is aware of where Fennell can be located.

To the extent Washington's motion is seeking a deposition of Fennell, he has not demonstrated a need for such a deposition at this time. To obtain a continuance of a motion for summary judgment to obtain further discovery[1], Washington must indicate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact.

---

[1]     Washington does not expressly state that he is seeking a continuance on his response to the motions for summary judgment, but he does suggest he wishes to depose the witnesses for his summary judgment response. ECF No. 59 at 4-5.

*International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1266-67 (5th Cir. 1991), *cert. denied,* 502 U.S. 1059 (1992); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1286 (5th Cir.1990).  The nonmoving party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts."  *Krim v. BancTexas Group*, 989 F.2d 1435, 1442 (5th Cir. 1993) (quoting *SEC v. Spence & Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied*, 449 U.S. 1082 (1981)).  If it appears that further discovery will not produce evidence creating a genuine issue of material fact, the district court may, in the exercise of its discretion, grant summary judgment.  *Netto v. Amtrak,* 863 F.2d 1210, 1216 (5th Cir.1989); *International Shortstop,* 939 F.2d at 1267.  Plaintiff must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."  *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." (citations omitted)).

Washington has failed to assert how the deposition testimony of Fennell will create an issue of material fact as to his claims against the TCCO Defendants or the other defendants. Furthermore, Washington can communicate with Fennell as he resides at the facility where Fennell works.  If Fennell has testimony which could help Washington's response to summary judgment he can communicate with Fennell and provide an affidavit of Fennell in his response.  Furthermore, Washington has known where to reach Fennell during the entire time this action has been pending.

### III.  Conclusion

For the various reasons set forth herein, the TCCO Defendants respectfully pray that this Court deny Plaintiff's Refiling Motion to the Defendants for Disclosure.

    Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Adam Fellows*
**ADAM FELLOWS**
Assistant Attorney General
Texas State Bar No. 24002080
adam.fellows@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS MCLANE, MARSH, BELTRAN, and KINGSTON**

## CERTIFICATE OF SERVICE

I, **ADAM FELLOWS**, Assistant Attorney General of Texas, hereby certify that a true and correct copy of the above has been served on October 11, 2022, to:

| | |
|---|---|
| <u>*VIA CMRR #7021 2720 0002 0452 5739*</u><br>**William Washington**<br>**Texas Civil Commitment Center**<br>2600 S. Sunset Ave.<br>Littlefield, TX 79339<br>**Plaintiff** *Pro Se* | <u>*VIA E-MAIL*</u><br>**Amber R. Pickett**<br>Amber.Pickett@lewisbrisbois.com<br>LEWIS, BRISBOIS, BISGAARD & SMITH, LLP<br>2100 Ross Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 722-7105<br>Facsimile: (972) 638-8664<br>*Counsel for Defendants James Winckler and Michael Arenivaz* |

*/s/ Adam Fellows*
**ADAM FELLOWS**
Assistant Attorney General